IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DURRELL ANTHONY PUCKETT,  No. 2:14-cv-2776-CMK-P

    Plaintiff,

  vs.  ORDER

A. AGBOLI, et al.

    Defendants.

_____/

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for default judgment (Doc. 20), motion to enforce payment (Doc. 22), and motion for entry of default (Doc. 24). Also pending are defendants' motion for additional time (Doc. 28), and motions to set aside entry of default (Docs. 29, 32).

**I. Background**

    Plaintiff filed his civil rights complaint on November 25, 2014. A waiver of service of summons was filed with this court, as to five of the defendants, on February 16, 2017 (Doc. 14), and as to defendant Agboli on March 2, 2017 (Doc. 15). The waiver of service of summons was sent to the defendants on January 24, 2017. Defendants Agboli, Dayson, Bulawin,

1

Yaroch, Lius and Vallar each signed the waiver of service of summons. The waiver of service of summons was not signed by defendant Lynch. However, the summons was returned executed on May 26, 2017, indicating service on defendant Lynch was accomplished on April 12, 2017 (Doc. 26).

Pursuant to Federal Rule of Civil Procedure 4(d)(3), a defendant is required to file an answer to the complaint within 60 days after the date the waiver of service was sent. In this case, that would have been on or before March 27, 2017. On March 22, 2017, plaintiff requested the entry of the defendants' default. That request was denied as the 60 days in which the defendants had to respond to the complaint had not yet expired. Plaintiff filed his second request for entry of default on April 6, 2017. As no appearance had been made by defendants Agboli, Dayson, Bulawin, Yaroch, Lius or Vallar, the request for entry of default was granted, and the Clerk of Court entered the default of defendants Agboli, Dayson, Bulawin, Yaroch, Lius and Vallar on April 10, 2017.

On the same day, the court received plaintiff's motion for default judgment (Doc. 20), and a week later his motion to enforce payment (Doc. 22). On May 18, 2017, plaintiff filed his motion for entry of default as to defendant Lynch (Doc. 24). Those motions are currently pending.

On June 6, 2017, defendant Lynch filed a motion for additional time to file a responsive pleading (Doc. 28). Defendants Dayson, Bulawin, Yaroch, Lius and Vallar then filed a motion to set aside the Clerk's entry of default (Doc. 29) on June 13, 2017. Defendant Agboli similarly filed a motion to set aside the Clerk's entry of default (Doc. 32) on July 7, 2017. Plaintiff filed his opposition to the motions to set aside the defaults, but no opposition to defendant Lynch's motion for additional time to respond.

**II. Motion to Set Aside Clerk's Entry of Default**

Rule 55(c) of the Federal Rules of Civil Procedure provides for relief from an entry of default for "good cause shown." An application under 55(c) to set aside a default is

2

addressed to the sound discretion of the trial court.  Savarese v. Edrick Transfer and Storage, Inc., 513 F.2d 140, 146 (9th Cir. 1975).  Because of the preference for deciding cases on their merits whenever possible, motions for relief from default entries should be viewed liberally, see Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984), resolving all doubts in favor of the party seeking relief.  See, e.g., Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974); Butner v. Neustadter, 324 F.2d 783 (9th Cir. 1963).

In considering a motion to set aside a clerk's entry of default pursuant to Rule 55(c), courts "uniformly consider" the factors relevant to a motion to set aside a default judgment, pursuant to Fed. R. Civ. P. 60(b). 10 Wright and Miller,  Federal Practice and Procedure ("Wright & Miller"), § 2694.  In addition, the requirements are more liberally interpreted in motions to set aside the entry of default.  Any of the reasons which are sufficient to justify relief under Rule 60(b) will justify relief under Rule 55(c).  Id.

A motion to set aside a default judgment under Rule 60(b) may be denied if:  (1) the plaintiff would be prejudiced by granting it; (2) the defendant has no meritorious defense; or (3) the defendant's culpable conduct led to the default.  Pena v. Seguros La Comercial, S.A., 770 F.2d 811 (9th Cir. 1985).  Finally, although there is no express requirement of timeliness in Rule 55(c), the fact that a defaulted party acts quickly to cure the default and seek relief is viewed as a strong reason for the court to exercise its discretion to set aside the default.  Wright & Miller, § 1698.

In this case, the defendants contend they did not engage in culpable conduct that caused the default, they have a meritorious defense to this action, and plaintiff will not be prejudiced by the default being set aside.   The defendants, who are current or former employees of the California Department of State Hospitals (DSH), Vacaville, all acknowledge receiving and signing the waiver of service.  However, as explained in the motion, DSH-Vacaville personnel are not employees of California Department of Corrections and Rehabilitation (CDCR), even though they are working at the same facility.  As a result, the Litigation Coordinator at California

Medical Facility (CMF) is not authorized to accept service from the U.S. Marshal on behalf of DSH employees working at DSH-Vacaville. Communication between the Litigation Coordinator at CMF and the DSH-Vacaville Personnel Supervisor established the Personnel Supervisor would accept service for the current DSH employees (defendants Dayson, Bulawin, Yaroch, Lius and Vallar). The service packets were received by supervisors at DSH, signatures of the defendants were obtained, and the documents were returned to the supervisor and somehow were sent to the Marshal's office. However, there was a breakdown in communication as to what to do with the service documents, and the supervisors handling them were not experienced in the handling of the service of legal process on the employees. Further, the supervisors handling the service documents did not inform the individual defendants what was required in order for them to obtain representation from the Office of the Attorney General (OAG), nor did the supervisors properly notify the OAG of this action and request representation.

In the meantime, defendant Lynch, who is no longer a DSH employee, had been served separately.[1] She apparently notified the California Correctional Peace Officers Association and informed them of this action, who in turn contacted DSH Legal on her behalf on April 28, 2017. DSH Legal then inquired as to the status of the case, and learned plaintiff had already requested entry of default.

Similarly, defendant Agboli acknowledges he received and signed his waiver, but he did not understand the process and mistakenly assumed DSH was handling the matter.

Defendants contend, based on the above, that there was no culpable conduct. The mistakes and confusion as to who was handling what lead to delay in responding to the complaint. However, there was no bad faith, nor was there any intention to interfere with or manipulate plaintiff or the judicial process. Plaintiff argues in opposition that the defendants could have sought assistance to figure out what needed to be done.

---

[1] The issue of Ms. Lynch's personal service is addressed in more detail below.

1   Culpable conduct in this context is the equivalent of willful, deliberate, or bad
2   faith. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001). "Neglectful
3   failure to answer as to which the defendant offers a credible, good faith explanation negating any
4   intention to take advantage of the opposing party, interfere with judicial decision making, or
5   otherwise manipulate the legal process is not 'intentional' under our default cases, and is
6   therefore not *necessarily* - although it certainly may be, once the equitable factors are considered
7   - culpable or inexcusable. Id. at 697-98. While plaintiff is correct, the defendants could have
8   done more, there is no showing that their failure to do so was an intentional attempt to avoid this
9   action, to take advantage of plaintiff or manipulate the legal process. Rather, it is clear that the
10  defendants relied on a system that is normally there to help them, but failed to process the service
11  documents property. There is no indication that the defendants acted in bad faith or were
12  culpable. Indeed, once the oversight was brought to light, the system stepped up and attempted
13  to make it right as quickly as possible

14          Defendants also contend they have a meritorious defense to this action. They
15  argue that based on the facts of what occurred during the incident at issue, there was no use of
16  excessive force in relation to a cell extraction as plaintiff alleges in his complaint. As set forth in
17  the motion, and supported by the declaration of Theresa Katalbas, Special Investigator with the
18  Office of Protective Services for the DSH, defendants contend that their response to plaintiff's
19  behavior was reasonable and necessary, there was no use of excessive force, and there is no
20  evidence of the injuries plaintiff alleges.

21          Defendants also set forth a potential Heck bar as the incident at issue resulted in
22  plaintiff being issued a Rules Violation Report (RVR), and upon being found guilty of Battery on
23  a Peace Officer, was assessed with a 150 day loss of custody credit. See Heck v. Humphrey, 512
24  U.S. 477, 487 (1994). In addition, defendants contend that plaintiff is a vexatious litigant, and
25  may be required to post a security in order to proceed in this action. See DeLong v. Hennessey,
26  912 F.2d 1144, 1147 (9th Cir. 1990). Plaintiff counters that the Heck bar will not apply as he is

not seeking good time credit restoration in regards to the RVR, but is challenging the way he was treated afterwards.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691 (9th Cir. 2001) (citing Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969); In re Stone, 588 F.2d 1316, 1319n.2 (10th Cir. 1978)). The undersigned finds the defendants have sufficiently presented specific facts to constitute a reasonably meritorious defense to this action. The defendants contend there are medical records to support that plaintiff was not seriously injured, and the testimony of the defendants would be in direct contradiction to the testimony of the plaintiff. Whether or not this action is Heck barred, or plaintiff would be deemed a vexation litigant is not necessary to resolve at this juncture.

Finally, defendants argue there is no prejudice to the plaintiff. The Clerk's entry of default occurred very early in this case, and the defendants filed this motion to set aside default shortly after the entry of default. Plaintiff does not address the prejudice prong in his opposition. He has not, therefore, shown how he would be prejudiced by the setting aside of the default, nor does the court see any possible prejudice.

Motions for relief from default entries should be viewed liberally. Accordingly, the undersigned finds good cause for setting aside defendants' default. Plaintiff has not shown prejudice, the defendants have presented a meritorious defense, and defendants' conduct was not culpable. In addition, defendants' request to set aside the default was timely filed. Defendants' motion will therefore be granted. Defendants will be required to respond to the complaint within 30 days of the date of this order.

**III. Motion for Extension of Time**

Defendant Lynch did not receive and/or sign the request for waiver of service. Instead, the U.S. Marshal executed the summons by personal service. The summons indicates

6

that "Mrs. Lynch" was served on April 12, 2017. Defendant Lynch, while not specifically challenging the sufficiency of service, contends she was not personally served. Rather, she argues it was her sister who was personally served in her stead, but the U.S. Marshal who was attempting service stated he did not care upon being so informed. Nevertheless, assuming service occurred on April 12, 2017, as indicated in the summons returned executed, defendant Lynch's response to the complaint was due within twenty-one days, or by May 3, 2017.

Defendant Lynch contacted her union about this action, and eventually spoke with DSH's legal office. Because of the delay in the OAG's receipt of this case, and the deviation from their normal procedure, counsel was not assigned the case until May 10, 2017 (while she was out of the country). Between being out of the country and illness, counsel returned to the office on May 22, 2017, and began reviewing the case. However, on May 18, plaintiff filed a motion for default as to defendant Lynch. Counsel filed the instant motion for an extension of time, nunc pro tunc, on June 6, 2017.

The court finds good cause for defendant Lynch's motion for additional time. Therefore, the motion will be granted, and defendant Lynch will be allowed 30 days from the date of this order to file a response to the complaint.

**IV. Plaintiff's Motions**

Based on the above discussions and determinations, plaintiff's motion for default judgment, to enforce payment and entry of default as to defendant Lynch all must be denied as moot. The court has determined there is good cause for setting aside the Clerk's entry of default and to allow defendant Lynch additional time to file a response to the complaint. It therefore follows that there is no basis upon which to grant plaintiff's motion for default judgment or entry of default as to defendant Lynch. Similarly, there is no basis to grant the motion to enforce payment, which the court notes is not a proper motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Agboli, Dayson, Bulawin, Yaroch, Lius and Vallar Motions to

Set Aside Default (Docs. 29, 32) are granted;

       2.      The Clerk's Entry of Default (Doc. 19) is set aside;

       3.      Defendant Lynch's motion for an extension of time (Doc. 28) is granted;

       4.      Plaintiff's motion for default judgment (Doc. 20), motion to enforce payment (Doc. 22) and motion for entry of default (Doc. 24) are denied as moot; and

       5.      Defendants have 30 days from the date of this order to file a response to the complaint.

DATED: March 29, 2018

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE