IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DURRELL ANTHONY PUCKETT,                               No. 2:14-cv-2776-CMK-P

    Plaintiff,

  vs.                                                                  ORDER

A. AGBOLI, et al.

    Defendants.

_____/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for appointment of counsel (Doc. 37).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his

1

own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff's motion based on his bi-polar disorder, which he indicates is currently stable, his mental health treatment, and denial of access to the law library and legal property.  However, there is nothing in plaintiff's motion or other filings to indicate he is unable to comprehend these proceedings, and based on the filings in the case thus far, it would appear plaintiff has the ability to articulate his claims.  To the extent plaintiff's claims limited access to legal materials, that is not an exceptional circumstance, but one all prisoners face.  Finally, as to the merits of plaintiff's case, at this early stage of these proceedings, the undersigned cannot find there is a reasonable likelihood that plaintiff will be successful on the merits of his case at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (Doc. 37) is denied.

DATED:  May 22, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE