IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DURRELL ANTHONY PUCKETT,    No. 2:14-CV-2776-JAM-CMK-P

    Plaintiff,

  vs.    ORDER

A. AGBOLI, et al.,

    Defendants.

                             /

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

       Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

1

issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff argues that appointment of counsel is warranted because: (1) he is a prisoner with limited access to legal research; (2) he is untrained in the law; (3) he is unable to obtain legal training; (4) he is indigent; and (5) the legal issues involved in this case are complex.  As to the first four reasons, the court finds that these are not extraordinary circumstances but circumstances common to most state prisoners pursing civil actions in federal court.

As to the last reason, the court does not agree with plaintiff that the legal issues involved in his case are complex.  Plaintiff claims that defendants used excessive force during the course of a cell extraction.  Plaintiff also claims that defendant Luis failed to provide adequate medical care and that defendant Lynch disregarded a risk to his safety.  These are not legally complex claims.

Finally, a review of plaintiff's filings in this case thus far indicates that he is able to articulate his claims and to prosecute this action on his own.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 46) is denied.

DATED: August 16, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE