# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:14-CV-2776-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| A. AGBOLI, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third motion for the appointment of counsel (ECF No. 80).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Plaintiff states that, out of a recent 50-day period, he was on suicide watch for 22 of those days. See ECF No. 80. He also states: "Some days I'm fine, some days not so good." Id. Plaintiff adds that, while he knows "somewhat more than average about civil law," he does not know about trials or "have access to options of legal documents to study more than 3 hrs. a week." Id.

In the present case, the court does not at this time find the required exceptional circumstances. First, as plaintiff concedes and as demonstrated by the record in this case, he has adequate legal knowledge to articulate his claims on his own. Second, the remaining Eighth Amendment excessive force claims are not novel in terms of the law or facts. Third, the circumstances of which plaintiff currently complains – difficulties with access to legal research and lack of knowledge regarding civil trials – are not exceptional but describe nearly every incarcerated litigant. Fourth, to the extent plaintiff's suicidality or days on which he feels "not so good" hamper his ability to meet deadlines, the court will entertain reasonable requests for extensions of time for good cause shown. Finally, though plaintiff's case has survived summary judgment, the court finds the factors discussed above weigh against the appointment of counsel notwithstanding a potentially increased likelihood of success on the merits.

The court sua sponte extends the deadline for plaintiff to submit his pre-trial status report. Plaintiff is cautioned that failure to file a status report within the time provided may result in dismissal of this action. See Local Rule 110.

///

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 80) is denied;

2. Plaintiff shall file a status report consistent with the court's June 14, 2019, order within 30 days of the date of this order; and

3, Defendants' status report shall be filed within 30 days after service of plaintiff's status report.

Dated: August 13, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE