1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DURRELL ANTHONY PUCKETT,                    No.  2:14-CV-02776-JAM-DMC-P

12                    Plaintiff,

13         v.                                    ORDER

14   A. AGBOLI, et al.,

15                    Defendants.

16

17         Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18   U.S.C. § 1983. Pending before the Court are Plaintiff fourth and fifth motions for the appointment

19   of counsel. ECF Nos. 110, 112.

20         The United States Supreme Court has ruled that district courts lack authority to

21   require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist.

22   Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the

23   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935

24   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26   on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27   complexity of the legal issues involved. See Terrell, 935 F.2d at 1017.  Neither factor is

28   dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the

                                                    1

1    United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its

2    discretion with respect to appointment of counsel because:

3                Terrell demonstrated sufficient writing ability and legal knowledge to
             articulate his claim. The facts he alleged and the issues he raised were not of
4            substantial complexity. The compelling evidence against Terrell made it
             extremely unlikely that he would succeed on the merits.
5
     Id. at 1017.
6

7                Here, Plaintiff contends that he requires counsel because he is suicidal and,

8    although he can write and attend to his case, he is easily sidetracked and has been hearing voices.

9    ECF No. 110. Plaintiff also states that he will receive new, intensive psychiatric treatment and

10   may forget aspects of his case and will be unable to have a "speedy trial." ECF No. 112 at 1.

11               The Court is, of course, sympathetic to Plaintiff's condition but does not find

12   exceptional circumstances warranting a request by the Court for voluntary assistance of counsel.

13   Review of the docket indicates that Plaintiff has been able to articulate his claims on his own.

14   Plaintiff states that he can write and review his case. He has filed motions and responsive

15   pleadings and has adequately followed deadlines. Furthermore, at this stage of the case, the Court

16   cannot say that Plaintiff has established a particular likelihood of success on the merits. Finally,

17   Plaintiff alleges straightforward constitutional violations, including Eighth Amendment excessive

18   force claims. See ECF No. 1. The factual and legal issues involved in this case are not unusually

19   complex. Plaintiff's motions for appointment of counsel are DENIED.

20               IT IS SO ORDERED.

21

22   Dated:  December 21, 2020

23                                                _____

24                                                DENNIS M. COTA
                                                  UNITED STATES MAGISTRATE JUDGE
25

26

27

28

                                                 2