IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:14-CV-2776-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| A. AGBOLI, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 107, for the attendance of incarcerated witnesses. Defendants have filed an opposition, ECF No. 108.

On February 13, 2020, the Court issued an order directing the parties to file pre-trial statements. See ECF No. 103. That order specified a procedure for parties to seek orders for the attendance at trial of incarcerated witnesses. See id. at pgs. 2-3. Specifically, the order required:

> With the pre-trial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:
>
> 1. State the name, CDCR identification number, and address of each witness; and

1

        2.       Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

        1.       The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

        2.       The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

        1.       The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify; or

        2.       The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

      If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to

///

1 testify voluntarily.

2 ECF No. 103, pgs. 2-3.

3 Plaintiff seeks orders for the attendance of five incarcerated witnesses: (1) Jo Burton, ECF No. 107, pg. 2; (2) Terrell; id. at 3; (3) Abraham Torres, id. at 4; (4) Lionel Dixon, id. at 5; and (5) Jason Thomas, id. at 6. Plaintiff states that each inmate witness is housed at an unknown location. See id. at 2-6. Plaintiff also states that each inmate witness has personal knowledge and agrees to testify. See id. Defendants oppose, arguing that Plaintiff has failed to comply with the February 13, 2020, order. According to Defendants: "In none of the motions does he [Plaintiff] satisfy the requirement that he state when and where each of the prospective witnesses informed Plaintiff that he is willing to testify," and ". . .Plaintiff has not complied with the full directive [of the February 13, 2020, order] in that he has not set forth how each of the prospective witnesses has actual firsthand knowledge – that is, that each was an eyewitness and/or ear witness and circumstances as to how each has the ability to testify." ECF No. 108, pg. 2.

Defendants' objections are well-taken. Plaintiff's statement that each witness "agrees to testify" is insufficient under either procedure outlined in the February 13, 2020, order to show willingness to testify. Plaintiff has not stated when or where the inmate witnesses informed him of a willingness to testify. Similarly, Plaintiff's statement that each witness "has personal knowledge" is insufficient. Plaintiff has not filed any affidavits which are specific about what the incident was, when and where it occurred, who was present, and how the witnesses were in a position to see or hear what occurred.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion, ECF No. 107, for the attendance of incarcerated witnesses at trial is denied without prejudice to renewal with proper affidavits.

Dated:  February 17, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3