# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:14-CV-2776-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| A. AGBOLI, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 122.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Here, Plaintiff asserts that he is unable to competently prepare and present his case due to the nature and severity of his mental illness. ECF No. 122. In particular, Plaintiff claims that he experiences manic episodes and hears voices, and that he has been placed on suicide watch. See id. He also claims that he is receiving the highest possible level of California Department of Corrections and Rehabilitation (CDCR) mental health care. See id. At the time the motion before the Court was submitted, Plaintiff claims that he was hospitalized and medicated and receiving once-weekly therapy sessions, an arrangement which was expected to last up to 12 weeks depending on mood stabilization. See id. Plaintiff also asserts that he has attempted suicide six times. See id.

According to Plaintiff, this is his twelfth year on psychiatric medications, and that they have not relieved his "constant flashbacks or mental illness actions." Id. Plaintiff claims that his mental state fluctuates from "stable" to experiencing "mood swings to harm my self [sic] or go manic or tunnel vision." Id. Plaintiff asserts that, as a consequence of this condition, he is unable to properly present his case, "especially now trying to find inmate witnesses or how to use their affidavits if out of CDCR as the incident is [nine years] ago." Id. As a result, Plaintiff requests the appointment of counsel to allow him to articulate his claim in light of the complexity of the legal issues involved. See id. However, Plaintiff has submitted no documentation in support of these claims. Without such documentation, this Court cannot evaluate whether or not Plaintiff is able to present his claims on his own.

This Court has previously noted that the legal issues at hand in the present case are straightforward constitutional violations, including Eight Amendment excessive force claims;

1 thus, the factual and legal issues involved in this case are not unusually complex. Furthermore, at
2 this stage of the case, the Court still cannot say that Plaintiff has established a particular
3 likelihood of success on the merits. While these factors are not individually dispositive, any
4 evaluation of these factors in support of a motion to appoint counsel requires supporting
5 documentation; that documentation is absent from the motion at hand.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 122, is denied without prejudice.

Dated: June 3, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE