IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:14-CV-2776-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| A. AGBOLI, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel and access to his mental health records, ECF No. 128.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Here, Plaintiff asserts that he is unable to competently prepare and present his case due to the nature and severity of his mental illness. See ECF No. 128. Plaintiff claims that he hears voices and has recently attempted to commit suicide. See id. Additionally, Plaintiff claims he is receiving the highest possible level of mental health care at the California Department of Corrections and Rehabilitation. See id. Plaintiff asserts that, as a consequence of his condition, he is unable to properly present his case. As such, Plaintiff requests the appointment of counsel to allow him to articulate his claim in the light of the complexity of the legal issues involved. See id.

However, there is nothing in Plaintiff's motion or other filings to indicate he is unable to comprehend these proceedings. In this regard, the Court notes that Plaintiff has attached no documentation to his current motion for the appointment of counsel establishing the level of his mental health care, or limitations posed by his mental health problems. The Court also notes that Plaintiff's motion is well-written and coherent. Further, a review of the file in this case reflects that Plaintiff is able to articulate his claims, which are neither factually nor legally complex. Finally, the Court still cannot say that Plaintiff has established a particular likelihood of success on the merits.

As to Plaintiff's request for access to his mental health records, the request is denied without prejudice. It is the Court's understanding that inmates may be permitted access to their prison file, including medical records, on the inmate's request to appropriate prison officials. If, after making such request, Plaintiff is still unable to access his mental health records, the Court will entertain a renewed motion.

///

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel and access to mental health records, ECF No. 128, is denied, without prejudice to a renewal of either or both requests for relief, upon the showing referenced above. Pending such further motion(s), the Clerk of the Court is directed to terminate ECF No. 128 as a pending motion.

Dated: January 17, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE