IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>Plaintiff,<br><br>v.<br><br>A. AGBOLI, et al.,<br><br>Defendants. | No. 2:14-CV-2776-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion for the appointment of counsel, ECF No. 131.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In <u>Terrell</u>, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

<u>Id.</u> at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff has attached documents detailing his mental health problems and level of mental health care. See ECF No. 131. The attached documents do not indicate Plaintiff is unable to properly bring his case at trial. Plaintiff has demonstrated an ability to produce well written and coherent motions to this Court. Plaintiff indicated in his motion that he is competent but struggles with focus. <u>Id.</u> Plaintiff's motion will be denied because the issues involved in this case are not factually or legally complex, Plaintiff has demonstrated an ability to articulate his claims on his own, and, the Court cannot say that Plaintiff has demonstrated a likelihood that he will ultimately prevail on the merits. Notably, as with Plaintiff's prior motion for the appointment of counsel, Plaintiff's current motion does not outline any exceptional circumstances justifying the appointment of counsel.

As to Plaintiffs request for access to his mental health records, the request is denied. Plaintiff requested his mental health records but was told he would have to wait five months. Id. Plaintiff was never denied access to his mental health records but informed of the time it would take to gain access. Additionally, Plaintiff was provided mental health assessment forms that he attached to this motion. Plaintiff has not demonstrated he has been denied access to this mental health records.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel and access to mental health records, ECF No. 131, is denied.

Dated:  March 28, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE