1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DURRELL ANTHONY PUCKETT,                No.  2:14-CV-2776-DAD-DMC-P

12                    Plaintiff,

13          v.                                ORDER

14   A. AGBOLI, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's renewed motion for the appointment of

19   counsel, ECF No. 137.

20          The United States Supreme Court has ruled that district courts lack authority to

21   require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22   Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26   on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27   complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28   dispositive and both must be viewed together before reaching a decision.  See id.

1

1    In <u>Terrell</u>, the Ninth Circuit concluded the district court did not abuse its discretion

2 with respect to appointment of counsel because:

3       . . . Terrell demonstrated sufficient writing ability and legal knowledge to
        articulate his claim.  The facts he alleged and the issues he raised were not
4       of substantial complexity.  The compelling evidence against Terrell made it
        extremely unlikely that he would succeed on the merits.
5

6       <u>Id.</u> at 1017.

7       In the present case, the Court does not at this time find the required exceptional

8 circumstances.  Plaintiff states that appointment of counsel is warranted to assist him with jury

9 selection and cross-examination of witnesses at trial.  <u>See</u> ECF No. 137.  Plaintiff states that he is

10 not familiar with these procedures.  <u>See id.</u>  Plaintiff describes circumstances which are common

11 among indigent inmates whose cases are ready for trial.  He does not describe any circumstances

12 which are extraordinary or exceptional.  Further, a review of the docket reflects that the issues for

13 trial in this case are neither legally nor factually complex, and Plaintiff has demonstrated an

14 ability to articulate his claims sufficiently on his own.

15       Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the

16 appointment of counsel and access to mental health records, ECF No. 137, is denied.

17

18 Dated:  June 5, 2023

19                                        _____
                                         DENNIS M. COTA
20                                       UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                        2