UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. AGBOLI, et al.,<br><br>　　　　　Defendants. | No. 2:14-CV-2776-DAD-DMC-P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's pretrial statement, which includes a request for the attendance of the following five incarcerated witnesses: (1) Jo Burton, CDCR #E85733; (2) Terrell, CDCR #F22254; (3) Abraham Torres, CDCR #G67683; (4) Loniel Dixon, CDCR #K96211; and (5) Jason L. Thomas, CDCR #T13205. See ECF No. 107. Plaintiff's request was previously denied without prejudice to renewal upon proper affidavits. See ECF No. 114. Plaintiff has filed supplements in support of his motion. See ECF Nos. 115, 116. Defendants oppose the motion. ECF Nos. 108, 117.

///

///

///

///

1

The Court's February 13, 2020, order outlined procedures for obtaining the attendance of incarcerated witnesses. ECF No. 103. Specifically, the Court ordered:

> An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order (called a writ of habeas corpus ad testificandum) unless it is satisfied that: (1) the prospective witness is willing to attend; and (2) the prospective witness has actual knowledge of relevant facts.
>
> <u>With the pre-trial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:
>
> 1. State the name, CDCR identification number, and address of each such witness; and
>
> 2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.
>
> The willingness of the prospective witness can be shown in one of two ways:
>
> 1. The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or
>
> 2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.
>
> The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:
>
> 1. The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify; or

///

> 2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.
>
> The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

ECF No. 103 at 2-3.

In initially addressing Plaintiff's request, the Court noted as follows:

> . . . Plaintiff's statement that each witness "agrees to testify" is insufficient under either procedure outlined in the February 13, 2020, order to show willingness to testify. Plaintiff has not stated when or where the inmate witnesses informed him of a willingness to testify. Similarly, Plaintiff's statement that each witness "has personal knowledge" is insufficient. Plaintiff has not filed any affidavits which are specific about what the incident was, when and where it occurred, who was present, and how the witnesses were in a position to see or hear what occurred.

ECF No. 114, pg. 3.

Plaintiff was granted leave to renew his request for attendance of incarcerated witnesses upon submission of proper affidavits satisfying the requirement outlined in the Court's February 13, 2020, order. See id.

Plaintiff has submitted additional information in support of his request for attendance of incarcerated witnesses. See ECF Nos. 115 and 116. Defendants have responded. See ECF No. 117. In their response, Defendants renew their prior objections that Plaintiff has not stated when or where Plaintiff was informed by each of the witnesses as to their willingness to testify, and that Plaintiff has not provided affidavits showing each witnesses' personal knowledge as to relevant facts. See id.

/ / /

/ / /

In his first supplemental filing at ECF No. 115, Plaintiff states that inmate Burton informed Plaintiff in December 2013 that he would be willing to testify. See ECF No. 115, pg. 1. Plaintiff state that, since that time, he has been unable to correspond with inmate Burton. See id. As to inmate Terrell, Plaintiff states that Plaintiff was informed sometime in 2015 of the inmate's willingness to testify. See id. at 2. As to inmate Torres, Plaintiff states that he was informed in December 2013 of the inmate's willingness to testify. See id. at 3. As to inmate Dixon, Plaintiff also states that he was informed in December 2013 of the inmate's willingness to testify. See id. at 4. Plaintiff does not provide any supplemental information as to inmate Thomas. In his second supplemental filing at ECF No. 116, Plaintiff corrects the date of the incident in this case to November 9, 2013, from December 9, 2013. See ECF No. 116.

Setting aside the lack of affidavits showing a more recent statement of the various inmate witnesses' willingness to testify voluntarily at Plaintiff's trial, the Court observes that Plaintiff has still not provided sufficient affidavits as to these witnesses' personal knowledge of relevant facts. In this regard, as with his initial motion made with his pre-trial statement, Plaintiff merely states that the various inmate witnesses have first-hand knowledge, but he does not specify what that knowledge may be or how it relates to any of the disputed factual or legal issues in this case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the attendance of incarcerated witnesses, ECF No. 107, as supplemented, ECF Nos. 115 and 116, is DENIED, without prejudice to a further request supported with the information found lacking here.

Dated: June 9, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE