UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:14-CV-2776-DAD-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| A. AGBOLI, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The case is set for a trial confirmation hearing via Zoom on August 15, 2023, at 1:30 p.m. before the District Judge. A jury trial is set to commence on September 11, 2023, at 9:00 a.m. before the District Judge in Sacramento, California, Courtroom 4.

**I. SUMMARY OF MATTERS BEFORE THE COURT**

Pending before the Court are the following: (a) Plaintiff's request to introduce various inmate declarations as exhibits at trial, ECF No. 143; (b) Plaintiff's objections to the Court's June 12, 2023, final pre-trial order, ECF No. 144; and (c) Plaintiff's renewed motion for the attendance of incarcerated witnesses at trial, ECF No. 146. Defendants have filed an opposition to Plaintiff's renewed motion for the attendance of incarcerated witnesses, ECF No. 147, and Plaintiff has filed a reply, ECF No. 149.

1

## II. DISCUSSION

### A. Plaintiff's Request to Introduce Evidence at Trial

Plaintiff seeks an order allowing the introduction and admission into evidence of various declarations from inmates. See ECF No. 143. This request will be denied.

As explained in the final pre-trial order, Plaintiff failed to identify any exhibits in his pre-trial statement. See ECF No. 141, pg. 5. The final pre-trial order specified that no exhibits other than those identified by the parties in their pre-trial statements would be allowed unless: (1) the party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated; or (2) the exhibit was discovered after the issuance of the final pre-trial order. See id. at 7. Here, Plaintiff has not made either showing. First, Plaintiff does not assert that the declarations would be offered for the purpose of rebuttal. Second, Plaintiff has not indicated that the declarations were only discovered after issuance of the final pre-trial order on June 12, 2023.

### B. Plaintiff's Objections to the Final Pre-Trial Order

In his one-page "objection in part" to the final pre-trial order, Plaintiff states that he is seeking to prevent certain defense witnesses from testifying. See ECF No. 144. Plaintiff styles this request as a motion in limine. See id. Plaintiff also objects to portions of the final pre-trial order, specifically page 2, lines 15-16, and page 2, lines 17-18. See id.

#### 1. Defense Witnesses

Plaintiff seeks exclusion of defense witnesses Douglas Stroth, Duane Goree, and Officer Zelaya. See ECF No. 144.

According to Plaintiff, Stroth should not be allowed to testify as to matters in his disciplinary report because "CDCR finding of guilt is not the same due process of the court of law." Id. Plaintiff adds: "That disciplinary report got nothing to do with suit and the previous judges agreed it's what happened when I was in full restraints non-resistant." Id. Plaintiff contends Goree should not be allowed to testify because "he never interviewed me." Id. Plaintiff contends that Zelaya should not be permitted to testify because his testimony would cause confusion. See id.

Plaintiff's request to exclude witnesses will be denied. Plaintiff has not made a compelling argument that the witnesses should be excluded for any reason supported by the rules of evidence. For example, Plaintiff makes no showing that the witnesses would provide testimony with is more prejudicial than probative. Nor has Plaintiff made a showing that the witnesses lack relevant knowledge. To the extent these witnesses are called, Plaintiff will have an opportunity to cross-examine them and argue to the jury why their testimony should not be accepted.

        2.       <u>Objections to Page 2, Lines 15-18</u>

Plaintiff objects to the following portions of the final pre-trial order under the heading "UNDISPUTED FACTS":

> 5.    Plaintiff refused to comply with those orders and made verbal threats towards staff members.
>
> 6.    Due to plaintiff's non-compliance, medical staff were ordered to enter Plaintiff's cell and remove the window coverings, as well as to provide Plaintiff medication to subdue his agitated state.

According to Plaintiff, he never threatened staff members and he was not in an agitated state. See ECF No. 144.

Though Plaintiff did not provide a statement of disputed facts in his pre-trial statement, the Court will sustain Plaintiff's objection and modify the final pre-trial to reflect that these facts are disputed.

    **C.**    **<u>Plaintiff's Renewed Motion for the Attendance of Incarcerated Witnesses</u>**

Plaintiff renews his request for an order permitting five inmate witnesses, identified as Joe Burton, Terrell, Abraham Torres, Lionel Dixon, and Jason L. Thomas, to testify on his behalf at trial. See ECF No. 146. Defendants oppose the renewed motion. See ECF No. 147. Plaintiff states that all have first-hand knowledge <u>except</u> Thomas. See <u>id.</u> at 1. Plaintiff also states that he has been denied the ability to correspond with these inmates and, as a result, does not know where they are located or if they are even still incarcerated. See <u>id.</u> Plaintiff does, however, despite the inability to communicate with these inmates, state that he was personally told by each witness that they would testify voluntarily. See <u>id.</u> He does not state when these

representations were made.

Plaintiff also seeks the attendance of 13 other inmates as potential rebuttal witnesses. See id. at 1-2. These witnesses are: Kordy Rice, Perris Lee, Oscar Lopez, Zachary L. Glenn, Darryl Burghardt, Terrence L. Davis, Sonny DeSpain, Nicholaus D. Flores, William Cook, William Bates, Clarence L. Roberson, Armen Mooradian, and Ronnie Brown. See id. According to Plaintiff, the declarations provided show "a dispute from multiple inmates who in the furtherance of justice will show it's two sides to each story." Id. at 2. Plaintiff also states that the witnesses "may" have first-hand knowledge "of disciplinary reports and/or lawsuits." See id. Plaintiff does not state whether any of these 13 witnesses are willing to testify voluntarily.

With his motion, Plaintiff submits the following declarations:

Lionel Dixon, dated November 20, 2013, see ECF No. 146, pg. 3.

Terrell, dated November 24, 2013, see id. at 4.

J. Burton, dated November 15, 2013, see id. at 5.

Abraham Torres, dated December 19, 2013, see id. at 6.

Ronnie Brown, dated May 23, 2018, see id. at 7-8.

Sonny DeSpain, dated September 16, 2015, see id. at 9-10.

Terrence L. Davis, dated September 16, 2015, see id. at 11-17.

Terrence L. Davis, dated August 17, 2015, see id. at 19-21.

Kordy Rice, dated March 20, 2015, see id. at 18.

Kordy Rice, dated May 28, 2015, see id. at 22.

Nicholaus D. Flores, dated December 23, 2019, see id. at 23.

William Cook, dated December 21, 2019, see id. at 24.

Darryl Burghardt, dated January 23, 2015, see id. at 25-26.

Zachary L. Glenn, dated May 23, 2021, see id. at 27-29.

William Bates, dated September 21, 2021, see id. at 30.

Clarence L. Roberson, dated March 20, 2015, see id. at 31.

Plaintiff does not provide declarations from inmates Jason L. Thomas, Perris Lee, Oscar Lopez, or Armen Mooradian.

///

The Court's February 13, 2020, order outlined procedures for obtaining the attendance of incarcerated witnesses. See ECF No. 103. Specifically, the Court ordered:

> An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order (called a writ of habeas corpus ad testificandum) unless it is satisfied that: (1) the prospective witness is willing to attend; and (2) the prospective witness has actual knowledge of relevant facts.
>
> With the pre-trial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:
>
> 1. State the name, CDCR identification number, and address of each such witness; and
>
> 2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.
>
> The willingness of the prospective witness can be shown in one of two ways:
>
> 1. The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or
>
> 2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.
>
> The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:
>
> 1. The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify; or

/ / /

          2.     The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

ECF No. 103, pgs. 2-3.

At the outset, Plaintiff's motion will be denied as to inmates Jason L. Thomas, Perris Lee, Oscar Lopez, or Armen Mooradian, for whom Plaintiff has not submitted any supporting declarations satisfying the requirements outlined above.

As to all other witnesses, the Court finds that Plaintiff has also failed to meet the showing above. Specifically, Plaintiff has not provided the Court with the witnesses' last known address and even admits that he does not where they are located or even if they are still in prison. Additionally, the declarations provided are, in many instances, a decade old and, as such, do not represent a current indication of the witnesses' willingness to testify voluntarily.

Regarding the potential rebuttal witnesses for whom declarations were provided by Plaintiff, these inmates' declarations speak to events other than the cell extraction of November 9, 2013, at issue in this case. Ronnie Brown discusses events in May 2018. See ECF No. 146, pg. 7y-8. Sonny DeSpain discusses events in September 2015. See id. at 9-10. In his declarations, Terrence Davis also speaks to events in September 2015, as well as events in August 2015. See id. at 11-17, 19-21. Kordy Rice's declarations concern events in March 2015. See id. at 18, 22. Nicholaus Flores's declaration concerns events in December 2019. See id. at 23. William Cook also discusses events in December 2019. See id. at 24. Darryl Burghardt's declaration relates events in January 2015. See id. at 25-26. Zachary Glenn's declaration discusses events in September 2021. See id. at 27-29. William Brown's declaration also concerns events in

September 2021. See id. at 30. Finally, Clarence Roberson's declaration discusses events in March 2015. See id. at 31.

For all these reasons, the Court will deny Plaintiff's renewed motion for attendance of incarcerated witnesses at trial.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to introduce evidence at trial, consisting of various inmate declarations, ECF No. 143, is DENIED.

2. Plaintiff's objection to the final pre-trial order, ECF No. 144, is SUSTAINED as to page 2, lines 16-18 of the pre-trial order, which is modified to reflect that these facts are in dispute.

3. Plaintiff's objection to the final pre-trial order, ECF No. 144, is OVERRULED to the extent the Court denies Plaintiff's motion to exclude defense witnesses.

4. Plaintiff's renewed motion for the attendance of incarcerated witnesses, ECF No. 146. Is DENIED.

Dated: July 31, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE