UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>A. AGBOLI, et al.<br><br>    Defendants. | No. 2:14-cv-02776-DAD-DMC<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S JULY 31, 2023 ORDER DENYING THE ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>(Doc. No. 155) |

    Plaintiff Durrell Anthony Puckett is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 302.

    On July 31, 2023, the assigned magistrate judge issued an order wherein he denied plaintiff's renewed motion for the attendance of incarcerated witnesses at trial. (Doc. No. 150 at 7.) Specifically, the magistrate judge concluded that plaintiff had not complied with the previously outlined procedures to secure those witnesses' attendance. (*Id.* at 5–7.)

    On August 14, 2023, plaintiff filed a document with the title "Motion for Reconsideration and Continuing Objections to [150] Order." (Doc. No. 155.) The undersigned will construe plaintiff's filing as a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling," as provided by Local Rule 303(c). The standard of review for "all such requests is the

'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c).  The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).  "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Here, plaintiff objects to the magistrate judge's July 31, 2023 order denying plaintiff's renewed motion for the attendance of incarcerated witnesses at trial, but plaintiff does not articulate any basis for reconsideration of that order, nor does plaintiff explain how or in what way the magistrate judge's order is "clearly erroneous or contrary to law."

Accordingly, plaintiff's request for reconsideration of the magistrate judge's order issued on July 31, 2023 (Doc. No. 155) is denied.

IT IS SO ORDERED.

Dated: **August 18, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

2