UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>  Plaintiff,<br><br>  v.<br><br>A. AGBOLI, et al.,<br><br>  Defendants. | No. 2:14-CV-02776 DAD DMC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 159) |

This matter is before the court on a motion to appoint counsel filed by plaintiff on September 7, 2023. (Doc. No. 159.) Therein, plaintiff argues that the court should appoint counsel to provide him with representation in this civil action brought pursuant to 42 U.S.C. § 1983, citing his indigence, the complexity of witness-related issues, his status as a segregated inmate with limited legal knowledge, lack of access to a law library, and challenges in conducting legal research on a tablet. (*Id.* at 1.)

**LEGAL STANDARD**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and of course the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary

1 assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525. The court may consider
2 many factors in determining if exceptional circumstances warrant the appointment of counsel
3 including, but not limited to, proof of indigence, the likelihood of success on the merits, and the
4 ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal
5 issues involved. *See Davis v. Allison*, No. 1:21-cv-00494-HBK, 2021 WL 2805820, at *1 (E.D.
6 Cal. July 6, 2021) (citing *United States v. McQuade*, 519 F.2d 1180, 1181 (9th Cir. 1978) and
7 *Rand*, 113 F.3d at 1525).

## ANALYSIS

Here, plaintiff has not met his "burden of demonstrating exceptional circumstances" warranting the appointment of counsel on his behalf. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (noting that the burden of demonstrating exceptional circumstances is on the party seeking appointment of counsel); *Jones v. Chen*, No. 1:11-cv-01762-MJS, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).

First, plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, No. 2:07-cv-00800-KJN, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *see also Callender v. Ramm*, No. 2:16-cv-00694-JAM-AC, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel.") (citing *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) and *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984)).

Second, the court does not find that the issues in this case are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). This case centers on a single claim asserting cruel and unusual punishment in violation of the Eighth Amendment due to the defendants' alleged excessive use of force during a cell extraction. (Doc. Nos. 1, 141.) Given the straightforward nature of the claims and issues, as well as plaintiff's demonstrated ability to articulate his legal and factual arguments, there is no exceptional need to appoint counsel on his behalf. *See Molina v. Dinh*, No. 21-cv-01593-BTM-BLM, 2023 WL 2637391, at *2 (S.D. Cal. Mar. 24, 2023) (finding that the

1   plaintiff's claims were not "overly complex" where he alleged a single cause of action for cruel
2   and unusual punishment).  Although plaintiff is proceeding *pro se*, he faces the same obstacles all
3   *pro se* plaintiffs face.  Challenges preparing for trial, including having "limited access to a law
4   library," "are ordinary for prisoners pursuing civil rights claims" and cannot form the basis for
5   appointment of counsel.  *Courtney v. Kandel*, No. 2:18-cv-02052-KJM-DMC, 2020 WL
6   1432991, at *1 (E.D. Cal. Mar. 24, 2020)[1]; *Molina*, 2023 WL 2637391, at *2 ("Plaintiff's claims
7   of limited access to the law library, limited legal knowledge, difficulty communicating with
8   opposing counsel, and inability to obtain testimony and conduct depositions are typical of almost
9   every pro se prisoner civil rights plaintiff and alone are insufficient to satisfy the exceptional
10  circumstance standard.") (citations and internal quotation marks omitted).

11         Third, plaintiff has clearly shown that he is capable of adequately litigating this matter,
12  expressing his thoughts regarding the case and communicating his concerns to the court.
13  Notably, plaintiff has filed numerous motions in this action.  Plaintiff's filings in this case include
14  a motion for summary judgment (Doc. No. 47), a motion to compel (Doc. No. 51), an opposition
15  to a request for security precautions at trial (Doc. No. 98), objections to the final pretrial order
16  (Doc. No. 144), and a renewed motion for attendance of incarcerated witnesses (Doc. No. 146),
17  amongst others.  From the court's review of these filings, it is evident that plaintiff is able to
18  articulate his claims and arguments.  *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987)
19  (affirming a district court's denial of a request for appointment of counsel where the pleadings
20  demonstrated that the petitioner had "a good understanding of the issues and the ability to present
21  forcefully and coherently his contentions").

22         Accordingly, plaintiff's motion to appoint counsel (Doc. No. 159) will be denied.
23  /////
24  /////
25  /////

---

[1] Moreover, the court notes that all discovery and law and motion proceedings are now closed in this case pursuant to the court's scheduling order.  Thus, plaintiff proceeding *pro se* has already proven himself capable of engaging in discovery and successfully prosecuting and advancing his case to trial.

3

**CONCLUSION**

For all of the reasons set forth above,

1. Plaintiff's motion to appoint counsel (Doc. No. 159) is denied; and

2. This action remains scheduled for a jury trial before the undersigned commencing on September 25, 2023 at 9:00 a.m. in courtroom 4 on the 14th floor of the Robert T. Matsui Federal Courthouse at 501 I Street, Sacramento, CA, 95814.

IT IS SO ORDERED.

Dated: **September 12, 2023**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE